IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CHAUFFEURS, TEAMSTERS
AND HELPERS LOCAL 492,

           Plaintiff,

vs.                                      CIVIL NO.  06-607 RB/LFG

SUN VALLEY FRUIT COMPANY, INC.,

           Defendant.


## RECOMMENDATION OF  DISMISSAL WITH PREJUDICE AND ASSESSMENT OF SANCTIONS

THIS MATTER is before the Court on an Order of Reference [Doc. 26].  Defendant Sun Valley Fruit Company, Inc. ("Sun Valley") filed a Motion to Dismiss With Prejudice and for Further Sanctions [Doc. 25] on November 7, 2006.  Plaintiff failed to respond to the motion within the time provided by law, D.N.M.LR-Civ. 7.6(a), and failed to request an extension of time within which to respond.

The undersigned magistrate judge considered the motion and took judicial notice of the record, United States v. Estep, 760 f.2d 1060,1063 (10thCir. 1985), and recommends granting dismissal of Plaintiff's lawsuit against Defendant as a result of Plaintiff's non-compliance with obligations imposed by the Federal Rules of Civil Procedure and non-compliance with the orders and directives of this Court.  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  Moreover, the motion to dismiss should also be granted as Plaintiff failed to respond and is deemed to have consented to the grant of the motion.  D.N.M.LR-Civ. 7.1(b).

## Background

From the outset, Plaintiff failed to comply with its obligations under the Federal Rules of Civil Procedure. At the Rule 16 scheduling conference conducted on August 31, 2006, Defendant advised that Plaintiff had not made its mandatory disclosures under Rule 26. The Rule requires initial disclosures to be made within fourteen days of the parties' meet-and-confer session. Defendant made its disclosures, but Plaintiff did not.

When the Court was apprised of Plaintiff's failure, it directed that disclosures be made within ten days. Notwithstanding the Court's oral directive at the Rule 16 conference, Plaintiff failed to make any disclosures.

On September 26, 2006, Defendant filed a Motion to Compel Production of Initial Disclosures [Doc. 20]. Upon receipt of Defendant's motion, the Court issued an Order to Show Cause [Doc. 21] requiring Plaintiff to show cause, if any it had, why sanctions including dismissal of its lawsuit should not be ordered as a result of its failure to comply with the Federal Rules of Civil Procedure and the Court's directive. The Court advised that the response to the Order to Show Cause would be considered as Plaintiff's response to the motion to compel. Plaintiff failed to respond to the Court's directive, failed to respond to the Defendant's motion, and failed to seek any extension of time within which to respond.

On October 23, 2006, as a result of Plaintiff's failure to respond to the motion, the Court granted the motion to compel and directed that Plaintiff make full mandatory initial disclosures within ten calendar days [Doc. 24]. The Court established a deadline of November 2, 2006 for Plaintiff to make the disclosures. Additionally, the Court sanctioned Plaintiff by ordering reimbursement of reasonable attorney fees in the amount of $1,000, and the Court stated:

2

> To ensure compliance and to avoid the imposition of further sanctions, including dismissal of the case with prejudice, Plaintiff is required to file a certificate within ten calendar days demonstrating that it has complied with its mandatory disclosure obligations and has paid the sanction directed by the Court.

[Doc. 24, p. 2]. More than ten days have elapsed and Plaintiff failed to file the certificate of compliance and failed to request any additional time within which to comply. Plaintiff's ongoing failures to comply with procedural rules and Court directives is inexplicable and sanctionable.

Plaintiff's non-compliance compelled Sun Valley to file its second motion, this time seeking dismissal. As before, the time for response elapsed and Plaintiff failed to respond. Under these circumstances, sanctions are appropriate. Sun Valley seeks the ultimate sanction--dismissal with prejudice--as well as recovery of additional attorney fees.

In Ehrenhaus v. Reynolds, *supra*, as well as Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988), the Court is required to consider a number of factors prior to choosing dismissal of a lawsuit as a just sanction. Those factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. With these factors in mind, the Court determines the appropriateness of the sanction in this case.

## I.  Degree of Actual Prejudice to Opposing Party

Initial disclosures are required under Fed. R. Civ. P. 26(a)(1) as a way of expediting the ultimate disposition of litigation and reducing the costs. The Rule recognizes that parties are entitled to very basic information about the claims and defenses at the outset without the need to make a discovery request. Each party must disclose the identity of witnesses, a description of documents by category and location, a computation of each category of damages and insurance information. These

3

initial disclosures are intended to be automatic.

The Rule imposes a deadline for making disclosures.  As indicated earlier, Plaintiff was required to automatically make initial disclosures and to provide initial disclosure information to Defendant within fourteen days of the meet-and-confer session.  Fed. R. Civ. P. 26(a)(1).  This did not occur. While Plaintiff's counsel consulted with defense counsel, Plaintiff failed to make the requisite 26(a)(1) disclosures.  The disclosures were not just late.  Rather, they were simply not made at all. It was necessary for Defendants to file a separate motion requesting the Court's intervention due to Plaintiff's non-compliance.  Thus, even at the time of filing the motion to compel, Defendant was without basic information necessary to evaluate the strengths or weaknesses of Plaintiff's claims. Without information necessary to investigate claims, Defendant is disadvantaged and, in this case, has been significantly disadvantaged in that it has had to incur costs and fees in an effort to compel Plaintiff to comply with its obligations

Even though Defendant filed a motion to compel, Plaintiff was not prodded into action.  No response was made to the motion, even though the district's local rule, D.N.M.LR-Civ. 7.1(b), provides that failure to file a response constitutes consent to the grant of the motion.  The Court granted the motion to compel [Doc. 24] and ordered disclosures by a date certain, and further imposed a sanction by way of an attorney fee award.  Even that, unfortunately, failed to prompt compliance.

Defendant's present motion shows that, months after the disclosures should have been made, no disclosures have been made; no sanctions paid; and no certificate of compliance has been filed as required by the Court's directive.  The Court concludes that Defendant has been and will continue to be disadvantaged as a result of Plaintiff's non-compliance.

## II.  Amount of Interference With Judicial Process

Plaintiff's non-compliance required the Court to spend significant time and effort trying to compel Plaintiff's compliance.  This is time that could be devoted to other lawsuits and other significant issues.  Plaintiff's failure to comply has interfered with the Court's case management plan in that all discovery has come to a halt due to Plaintiff's non-compliance.  The delays will interfere with the Court's ability to resolve this case within the "target disposition date" established by the district's Civil Justice Expense and Delay Reduction Plan.  Plaintiff's obstinate refusal to do what the rules and the Court's orders require has brought the orderly processing of a case to a complete halt.

The Court concludes that Plaintiff's failure to comply with Court orders and directives has caused significant interference with the judicial process.

## III.  Culpability of the Litigant

It is unknown whether the fault in this case lies with Plaintiff or with Plaintiff's counsel, or both.  Indeed, when the Court directed Plaintiff to show cause why sanctions should not be imposed, both Plaintiff and Plaintiff's counsel ignored the Court's directive.  If this were a situation where the failure to comply with discovery obligations or court directives was only the fault of the litigant's attorney, then the attorney would be the proper party to suffer the sanction.  In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984)(if the fault lies with the attorneys, that is where the impact of the sanction should be lodged); *see also* M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987).

In this case, the Court ordered Plaintiff to show cause why sanctions should not be entered and Plaintiff failed to respond.  Thus, the Court will presume that Plaintiff bears equal culpability for the non-compliance.  "[D]ismissal does not unjustly penalize the individual plaintiff in this case in light of the repeated and documented failure of his chosen representative."  Gripe v. City of Enid, 312 F.3d

5

1184, 1188 (10th Cir. 2002). The Court assumes that Plaintiff's counsel has provided his client with copies of the Court's pleadings. Thus, Plaintiff was on notice of the violations and Plaintiff's silence in the face of these orders and directives is inexcusable. Moreover, counsel's own behavior breaches duties owed to the Court and opposing counsel. For example, if non-compliance were due to a client's lack of cooperation, it would have been incumbent on counsel to advise a client of the dangers of non-compliance, urge cooperation and, if cooperation was not forthcoming, to withdraw as counsel.

## IV.  Advance Warnings of Possible Dismissal

The Court must consider whether it gave a prior warning that the lawsuit may be dismissed. *See, e.g.*, Willner v. Univ. of Kansas, 848 F.2d 1023, 1029 (10th Cir. 1988).

Indeed, the Court has given these warnings on more than one occasion. Its Order to Show Cause referred to Ehrenhaus v. Reynolds and directed Plaintiff to show cause why Rule 16 sanctions, including dismissal, should not be imposed as a result of its failure to comply with mandatory disclosure obligations. [Doc. 21].

Again, on October 23, 2006, in the Court's Order Granting Motion to Compel and Imposing Sanctions, it again referred to Ehrenhaus v. Reynolds, and specifically closed its order with the following warning, "Further failures to comply may result in imposition of additional sanctions, including dismissal of the litigation with prejudice." Id. [Doc. 24, p. 2].

Thus, Plaintiff was specifically put on notice that dismissal was a distinct possibility, and the Court's most recent order indicated that additional non-compliance could result in dismissal of the litigation with prejudice. It is abundantly clear that Plaintiff and its counsel knew the consequences that their ongoing non-compliance would produce. Accordingly, Plaintiff and counsel were previously warned that sanctions could include dismissal.

6

## V.  Efficacy of Lesser Sanctions

Notwithstanding the best efforts of opposing counsel to urge compliance or even the Court's orders and earlier warnings of September 28, 2006 and October 23, 2006 that failure to comply could result in the imposition of sanctions, including dismissal, Plaintiff and Plaintiff's counsel simply chose to do nothing.   Moreover, the Court already imposed the lesser sanction of an attorney fee award. That lesser sanction failed to prompt compliance.

It appears that Plaintiff has ignored the Court's directives just as it has ignored its discovery obligations.  Given the repeated failures and refusals to comply with Court directives and the Federal Rules of Civil Procedure, the Court has no optimism that Plaintiff would comply with future directives if given a lesser sanction and a further opportunity to litigate.

After considering the Ehrenhaus and Meade factors, the Court recommends that Sun Valley's motion be granted and the case dismissed with prejudice.  The magistrate judge further recommends that an additional sanction of $500 as attorney fees be paid to Sun Valley as follows:  Plaintiff shall pay $250; Plaintiff's counsel shall pay $250. [1]  The attorney fees must be paid within twenty days.

Accordingly, this matter is referred to the District Court with a recommendation that this lawsuit be dismissed with prejudice and that additional sanctions be ordered.[2]

Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[1]This attorney fee award is in addition to the previous attorney fee award of $1,000 imposed on Plaintiff.

[2]Within ten days after a party is served with a copy of this recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) file written objections to such recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed recommendation. If no objections are filed, no appellate review will be allowed.  Plaintiff will have until December 14, 2006 to file any objections.